William R. Fix, W.S.B. #5-1908
P. O. Box 297
Jackson, WY 83001
(307) 733-5848
fixlawoffice@gmail.com
*Attorney for Plaintiffs*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2016 NOV 18 PM 2: 59

STEPHAN HARRIS, CLERK
CHEYENNE

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF WYOMING

| | | |
|---|---|---|
| STEVEN KIRK and TAMERA KIRK, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. _16-cv-286-F_ |
| | ) | |
| NORTH LINCOLN COUNTY HOSPITAL | ) | |
| DISTRICT, d/b/a STAR VALLEY MEDICAL | ) | |
| CENTER, and LANCE PETERSEN, M.D., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COME NOW the Plaintiffs, Steven Kirk and Tamera Kirk, by and through counsel undersigned, and for their causes of action against the Defendants North Lincoln County Hospital District, d/b/a/ Star Valley Medical Center, and Lance Petersen, M.D., state and allege as follows:

### I.    JURISDICTION, VENUE and PARTIES

1.    This civil action seeks damages for injuries sustained by Plaintiffs Steven Kirk and Tamera Kirk (hereinafter sometimes referred to as "Plaintiffs" or "Mr. and Mrs. Kirk") arising from the negligence of Defendants North Lincoln County Hospital District, d/b/a/ Star Valley Medical Center, and Lance Petersen, M.D.

2.    Defendants provided medical care to Plaintiff Steven Kirk on July 3, 2015, and thereafter.

3.     Plaintiffs Steven Kirk and Tamera Kirk are citizens of the State of Utah.

4.     At all times relevant herein, Defendant Lance Petersen (hereinafter sometimes referred to as "Defendant Petersen" or "Dr. Petersen") was and is a citizen of the State of Wyoming.

5.     At all times material to this complaint, Defendant Petersen acted within the course and scope of his duties for Defendant North Lincoln County Hospital District.

6.     At all times material to this Complaint, Defendant North Lincoln County Hospital District was doing business as Star Valley Medical Center (hereinafter sometimes referred to as "Defendant Star Valley Medical Center" or "SVMC") and was and is a hospital district existing under the laws of the State of Wyoming with its principal place of business in Lincoln County, Wyoming. At all times mentioned in this Complaint, the Defendant Star Valley Medical Center held itself out to the public, including Plaintiff Steven Kirk, as being willing and able to competently provide quality health care and to provide qualified and competent professionals who would perform medical services within the accepted standards of care.

7.     Defendant Star Valley Medical Center is vicariously liable for the conduct of the individual Defendant, Lance Petersen, M.D., as well as the acts and omissions of any employee or agent of the Defendant Star Valley Medical Center acting within the scope of such employment or agency.

8.     This Court has jurisdiction due to the amount in controversy which exceeds $75,000.00, and the complete diversity of citizenship of the parties.

*Steven Kirk and Tamera Kirk v. North Lincoln County Hospital District,*
*d/b/a Star Valley Medical Center and Lance Petersen, M.D.*
Complaint - Page 2

9.     Plaintiffs served the attached Presentation of Claims against a "governmental entity." Plaintiffs have complied with the requirements of the Wyoming Governmental Claims Act, W.S. §1-39-101, *et seq.* Plaintiffs have also complied with the constitutional requirements of Wyo. Const. Article 16, §7, and the signature and certificate requirements of that constitutional provision. Attached hereto and made a part hereof as Exhibit A is the "Presentation of Claims" made on behalf of the Plaintiffs. The "Presentation of Claims" was filed and served on Charlie Button, CEO, Chad Turner, Vice President Finance, CFO, Mike Hunsaker, Chief Operations Officer, Amy Johnson, RN, MHA Quality & Patient Safety Director, Lance Petersen, M.D., the Board of Trustees (Rowan Anderson, Bob Hunsaker, Marlowe Scherbel, Bob Saunders, Donna Ivie, ML Pearson, and Elain Newcomb) of Star Valley Medical Center, and Billie Addelman and Traci L. Lacock, of Hirst & Appelgavte, LLP, via electronic mail and/or facsimile and U.S. Mail, on January 21, 2016.

10.    On December 4, 2015, Plaintiffs timely filed a claim with the Wyoming Medical Review Panel, pursuant to W.S. §9-2-1513, *et seq.* (Attached hereto and incorporated herein by this reference as Exhibit B.)

11.    On January 25, 2016, respondents filed their answer with Medical Review Panel. (*Answer of Lance Petersen, M.D., and North Lincoln Hospital District, d/b/a Star Valley Medical Center Respondents' North Lincoln County Hospital District, d/b/a Star Valley Medical Center* is attached as Exhibit C).

12.    On June 23, 2016, the Medical Review Panel held a hearing on the allegations contained in the MRP claim and issued a decision, authorizing Plaintiffs to

*Steven Kirk and Tamera Kirk v. North Lincoln County Hospital District,*
*d/b/a Star Valley Medical Center and Lance Petersen, M.D.*
Complaint - Page 3

immediately pursue their claims in a court of competent jurisdiction, pursuant to W.S. § 9-2-1519(e).

13.     As reflected in the final decision of the Medical Review Panel, Plaintiffs have fully and completely complied with the requirements of the Wyoming Medical Review Panel Act, W.S. §9-2-1513, *et. seq*. All conditions precedent to the filing of this Complaint have been met.

## II.      FACTS COMMON TO ALL CAUSES OF ACTION

14.     Plaintiffs reallege each and every allegation contained in paragraphs 1 through 13 as if fully set forth here.

15.     At all times material to this complaint, Defendant Lance Petersen, M.D., was an employee and/or agent of Star Valley Medical Center.  Dr. Petersen had medical privileges at the Defendant Star Valley Medical Center as an emergency room physician, even though Dr. Petersen is not board-certified in emergency medicine.

16.     On July 3, 2015, Steven Kirk presented to the emergency room at Star Valley Medical Center, in Afton, Wyoming, with severe groin and testicular pain.  Mr. Kirk was examined by Lance Petersen, M.D., in the emergency room.  Dr. Petersen is an employee of Star Valley Medical Center, specializing in emergency medicine.

17.     In Dr. Petersen's brief physical examination of Mr. Kirk, he noted "scrotal swelling (Left side hydrocele/cystocele present 6 cm in length 4 cm in diameter...)."

18.     Dr. Petersen also specifically made the following isolated statement in his record "I see no evidence for testicular torsion." Dr. Petersen misdiagnosed Mr. Kirk's

*Steven Kirk and Tamera Kirk v. North Lincoln County Hospital District,*
*d/b/a Star Valley Medical Center and Lance Petersen, M.D.*
Complaint - Page 4

testicular torsion.  Dr. Petersen failed to thoroughly assess Mr. Kirk for what in fact was a testicular torsion.

19.     Dr. Petersen incorrectly stated in his record that "I think that anxiety is driving his (Mr. Kirk's) behavior." Dr. Petersen also wrongly suggested that Mr. Kirk was engaging in drug-seeking behavior and advised Mr. Kirk that "we do not prescribe IV narcotics for chronic pain issues here in the emergency room." Dr. Petersen was generally dismissive of Mr. Kirk's real and obvious symptoms of a torsion testicle.

20.     Dr. Petersen failed to obtain an ultrasound of Mr. Kirk's testicles, which is the standard of care in such cases, nor did Dr. Petersen consider any other diagnostic method which was available at the Star Valley Medical Center.

21.     Moreover, Dr. Petersen failed to advise Plaintiff Steven Kirk that the hospital had a urologist on staff. Defendant Petersen also failed to advise Mr. Kirk that there were urologists practicing in Jackson approximately one (1) hour away from the Star Valley Medical Center.

22.     Instead, Defendant Petersen advised Mr. Kirk to return to Utah to see his physician there.  This is a three and one-half (3 ½) hour drive, during which time Mr. Kirk's testicle died because of the lack of blood flow.  Surgical removal of the testicle ensued immediately after Mr. Kirk's arrival in Utah.

23.     Mr. Kirk was left unattended by Defendant Petersen in the emergency department for a considerable length of time, notwithstanding his obvious excruciating and unremitting pain.

24.     After the failure of Dr. Petersen and the staff of the Star Valley Medical Center to provide prompt and necessary medical care, Mr. Kirk was required to drive

*Steven Kirk and Tamera Kirk v. North Lincoln County Hospital District,*
*d/b/a Star Valley Medical Center and Lance Petersen, M.D.*
Complaint - Page 5

three and one-half (3 ½) hours to Ogden, Utah, to obtain treatment.  Mr. Kirk was led to believe by Defendant Petersen that emergency medical attention was not necessary and that there was time for Mr. Kirk to return home to Utah for medical attention.  During this drive of several hours' time, Mr. Kirk was in excruciating and debilitating pain.

25.    As a result of the medical negligence of Defendant Lance Petersen, M.D., and Star Valley Medical Center, and the failure to accurately and timely diagnose Mr. Kirk's testicular torsion, and other negligence, Mr. Kirk was required to undergo complete removal of his testicle that same day in Utah.

26.    Mr. Kirk's wife, Tamera Kirk, has sustained damages from a loss of consortium, as her husband is unable to perform his marital duties.  By way of example but not limitation, Mr. Kirk has been unable to have marital relations with his wife since the occurrence of the malpractice and the surgical removal of his testicle.

27.    Defendants are liable to Plaintiffs for their negligence and gross negligence for the injuries and damages sustained by Plaintiff Steven Kirk which were directly and proximately caused by the negligence of Defendants North Lincoln County Hospital District; d/b/a Star Valley Medical Center, and Lance Petersen, M.D.

### III.    CLAIMS AGAINST ALL DEFENDANTS FOR NEGLIGENCE

28.    All prior allegations made in paragraphs 1 through 27 of this complaint are incorporated herein by this reference as if fully set forth here.

29.    Defendant Petersen accepted the responsibility of providing care to Plaintiff Steven Kirk and impliedly or expressly agreed that such care would be in accordance with

*Steven Kirk and Tamera Kirk v. North Lincoln County Hospital District,*
*d/b/a Star Valley Medical Center and Lance Petersen, M.D.*
Complaint - Page 6

generally accepted standards of care for health care providers who provide medical services within the State of Wyoming during the time period in question herein. Defendant Lance Petersen, M.D., had a duty to provide services to Plaintiff Steven Kirk in accordance with said standards of practice.

30.    Defendant Lance Petersen, M.D., negligently and carelessly failed to properly assess, thoroughly diagnose, and/or adequately react to and treat the problems experienced by Plaintiff Steven Kirk and treat him accordingly.   Defendant Lance Petersen's conduct was a breach of the applicable standard of care accordingly to Wyoming law and he was otherwise negligent.

31.    At all times mentioned in this Complaint, Defendant Star Valley Medical Center was a regional medical center, having the personnel, equipment, and facilities to treat a wide spectrum of conditions and afflictions, including the services rendered to Plaintiff Steven Kirk.

32.    At all times mentioned in this Complaint, Defendant Star Valley Medical Center employed nurses and other medical staff to assist physicians having privileges to practice medicine at Star Valley Medical Center, as well as to treat and care for hospitalized patients.  The nurses and other medical staff in its employ had specialized education, training, qualifications, skills and experience in caring for patients hospitalized at Star Valley Medical Center.  At all times material to this Complaint, the employees of Star Valley Medical Center who participated in the care of Plaintiff Steven Kirk were acting within the scope of their employment and were acting as agents, ostensible or otherwise, of Star Valley Medical Center.  As such, Defendant Star Valley

*Steven Kirk and Tamera Kirk v. North Lincoln County Hospital District,*
*d/b/a Star Valley Medical Center and Lance Petersen, M.D.*
Complaint - Page 7

Medical Center is liable, directly, or through its employees, representatives and/or ostensible agents, for their conduct.

33.     Defendant Star Valley Medical Center, in the exercise of care, had or should have had procedures and protocols in place for the thorough assessment, proper diagnosis and adequate treatment of conditions such as those presented by Plaintiff.  Defendant Star Valley Medical Center directly and through its employees, representatives and/or agents, ostensible or otherwise, failed to exercise that degree of care and skill usually exercised and maintained by reputable hospitals in its care of Mr. Kirk.  Whenever Defendant Star Valley Medical Center acted, or failed to act, it did so through its employees, representatives and/or agents, ostensible or otherwise.

34.     At all times mentioned in this Complaint, Defendant Star Valley Medical Center had the legal duty to exercise that degree of care and skill usually exercised and maintained by reputable hospitals in the extension and continuation of medical staff privileges to its employees.  That duty includes the responsibility to competently and closely monitor admission to the medical staff and, if warranted, to revoke or limit privileges already extended to its medical staff.

35.     Defendant Star Valley Medical Center granted staff privileges to Defendant Lance Petersen, M.D., which privileges permitted him to thoroughly assess, properly diagnose, and/or adequately treat the problems experienced by patients. Defendant Star Valley Medical Center breached its duty by negligently extending or failing to closely monitor and supervise, or limit the medical staff privileges of Defendant Petersen with regard to thoroughly assessing, properly diagnosing and adequately treating conditions such as those Plaintiff experienced.

*Steven Kirk and Tamera Kirk v. North Lincoln County Hospital District,*
*d/b/a Star Valley Medical Center and Lance Petersen, M.D.*
Complaint - Page 8

36.     The rules and regulations of Star Valley Medical Center required qualified physicians and nursing staff to properly and thoroughly assess, properly diagnose, and/or adequately react to the problems experienced by patients and to treat patients accordingly.    Defendant Star Valley Medical Center was negligent in permitting Defendant Petersen to assess, diagnose and/or react to the problems experienced by patients such as Plaintiff Steven Kirk.  The rules and regulation of Star Valley Medical Center required that a qualified physician perform surgery and timely treat patients. Defendant Star Valley Medical Center was negligent in permitting Defendant Petersen to practice emergency medicine.

## IV.    NEGLIGENCE CLAIMS AGAINST DEFENDANT LANCE PETERSEN, M.D.

37.     All prior allegations made in paragraphs 1 through 36 of this complaint are incorporated herein by this reference as if fully set forth here.

38.     Defendant Lance Petersen, M.D., fell below the accepted standard or standards of care, skill, and diligence for emergency room physicians.  Although not board-certified as an emergency room physician, Dr. Petersen is held to the standard of care applicable to emergency room physicians.

39.     The wrongful conduct of Defendant Petersen as alleged in this Complaint was the proximate cause of Plaintiff's injuries and damages as described herein and/or said conduct jeopardized Plaintiff Steven Kirk's health and well-being.

40.     The negligence of Defendant Petersen includes but is not limited to the following specific elements:

a.     Defendant Petersen failed to provide competent medical care to Plaintiff;

*Steven Kirk and Tamera Kirk v. North Lincoln County Hospital District,
d/b/a Star Valley Medical Center and Lance Petersen, M.D.*
Complaint - Page 9

b.    Defendant Petersen failed to properly assess and diagnose Plaintiff's torsion testicle;

c.    Defendant violated other rules, regulations, and standards voluntarily undertaken by him to assure safe medical practices and procedures; and

d.    Defendant was otherwise negligent and grossly negligent.

## V.    NEGLIGENCE CLAIMS AGAINST DEFENDANT NORTH LINCOLN COUNTY HOSPITAL DISTRICT, DOING BUSINESS AS STAR VALLEY MEDICAL CENTER

41.    All prior allegations made in paragraphs 1 through 40 of this complaint are incorporated herein by this reference as if fully set forth here.

42.    Defendant North Lincoln County Hospital District, doing business as Star Valley Medical Center, fell below the accepted standard of standards of care, skill, and diligence for hospitals.

43.    The wrongful conduct of Defendant Star Valley Medical Center as alleged in this complaint was the proximate cause of Plaintiff's injuries and damages as described herein and/or said conduct jeopardized Plaintiff Steven Kirk's health and well-being.

44.    The negligence of Defendant North Lincoln County Hospital District, doing business as Star Valley Medical Center, includes but is not limited to the following specific elements:

a.    Defendants failed to provide competent medical personnel to care for Plaintiff Steven Kirk;

b.    Defendants failed to protect Plaintiff from harm;

c.    Defendants violated other rules, regulations, and standards voluntarily undertaken by them to assure safe hospital practices and procedures;

*Steven Kirk and Tamera Kirk v. North Lincoln County Hospital District,*
*d/b/a Star Valley Medical Center and Lance Petersen, M.D.*
Complaint - Page 10

d.     Defendants failed to adequately maintain equipment, failed to train
       their employees in the proper maintenance and use of equipment,
       and to otherwise assure that Plaintiff Steven Kirk was properly
       cared for; and

e.     Defendants were otherwise negligent.

## VI.   DAMAGES

45.     All prior allegations made in paragraphs 1 through 44 of this complaint are
incorporated herein by this reference as if fully set forth here.

46.     As a direct and proximate result of the negligence and carelessness of all
Defendants, Plaintiff Steven Kirk suffered injuries which are believed to be permanent
and progressive in nature and has and will sustain the following damages and expenses:

a.     For past and future medical expenses in an amount to be set forth
       at trial;

b.     For loss of wages and earning capacity in the past and in the future
       in an amount to be set forth at trial;

c.     For past and future pain, emotional distress, suffering, and
       permanent disability in an amount to be set forth at trial; and

d.     For loss of enjoyment of life, past and future in an amount to be set
       forth in trial.

## VII.   LOSS OF CONSORTIUM CLAIM – TAMERA KIRK

47.     All prior allegations made in paragraphs 1 through 46 of this complaint are
incorporated herein by this reference as if fully set forth here.

*Steven Kirk and Tamera Kirk v. North Lincoln County Hospital District,*
*d/b/a Star Valley Medical Center and Lance Petersen, M.D.*
Complaint - Page 11

48.     Plaintiffs allege that prior to the wrongful acts and omissions of the defendants as set forth above, they were able to perform their duties as husband and wife. Subsequent to the defendants' acts and omissions and as a direct and proximate result thereof, Plaintiff Steven Kirk has been unable to perform the necessary marital duties as Plaintiff Tamera Kirk's wife.

49.     As a direct and proximate result, Plaintiff Tamera Kirk has been deprived of the services, society, consortium and companionship of his wife, including each and every one of his necessary family and marital duties now and in the future, and their enjoyment thereof has been greatly impaired and diminished.

## VIII.     PUNITIVE DAMAGES

50.     All prior allegations made in paragraphs 1 through 49 of this complaint are incorporated herein by this reference as if fully set forth here.

51.     The acts and omissions of the defendants above stated were so gross in nature that they constituted willful and/or wanton misconduct, and/or malicious, willful and/or wanton acts or omissions which were committed in reckless disregard for the welfare of the plaintiffs. These acts or omissions are such a departure from the ordinary standard of care that these defendants are liable to the plaintiffs for the damages more specifically alleged above and for punitive and exemplary damages. Exemplary and punitive damages should be awarded to in this matter in an amount sufficient to punish these defendants, to make an example of them and to deter future conduct of the same type. The amount of said punitive damages shall be proven at trial.

*Steven Kirk and Tamera Kirk v. North Lincoln County Hospital District,*
*d/b/a Star Valley Medical Center and Lance Petersen, M.D.*
Complaint - Page 12

WHEREFORE, the Plaintiffs Steven Kirk and Tamera Kirk pray for judgment against the Defendants as follows:

A.     For the reasonable value of the emotional distress, pain, suffering, anguish, and loss of enjoyment of life and disability of Plaintiff Steven Kirk, past and future;

B.     For the reasonable value of medical services and other services provided, and other expenses, past and future;

C.     For the reasonable value of all future expenses and losses, including disability, loss of earnings and loss of earning capacity in the past and in the future;

D.     For loss of consortium on behalf of Plaintiff Tamera Kirk; and

E.     For Plaintiffs' costs of suit, and for such other and further relief as this Court deems proper, including any and all other damages provided by Wyoming law.

DATED this 16th day of November, 2016.

William R. Fix, W.S.B. #5-1908
P.O. Box 297
Jackson, WY  83001
(307) 733-5848
fixlawoffice@gmail.com
*Attorney for Plaintiffs*

*Steven Kirk and Tamera Kirk v. North Lincoln County Hospital District,*
*d/b/a Star Valley Medical Center and Lance Petersen, M.D.*
Complaint - Page 13

WILLIAM R. FIX
ATTORNEY AT LAW

19 January 2016

TO:   Charlie Button
      Chief Executive Officer
      Star Valley Medical Center
      901 Adams Street
      Afton, WY 83110
      (307) 885-5800
      (307) 885-5889 (fax)

      Chad Turner
      Vice President Finance, Chief Financial Officer
      Star Valley Medical Center
      901 Adams Street
      Afton, WY 83110
      (307) 885-5800
      (307) 885-5889 (fax)

      Mike Hunsaker
      Chief Operations Officer
      Star Valley Medical Center
      901 Adams Street
      Afton, WY 83110
      (307) 885-5800
      (307) 885-5889 (fax)

      Amy Johnson, R.N.
      NHA Quality & Patient Safety Director;
      Nursing Home Administrator;
      Q1/Risk Management Director
      Star Valley Medical Center
      901 Adams Street
      Afton, WY 83110
      (307) 885-5800
      (307) 885-5889 (fax)

Exhibit A

Lance Petersen, M.D.
Star Valley Medical Center
901 Adams Street
Afton, WY 83110
(307) 885-5800
(307) 885-5889 (fax)

Board of Trustees, Star Valley Medical Center
Rowan Anderson, Chair
Bob Hunsaker, Vice Chair
Marlowe Scherbel, Trustee
Bob Saunders, Trustee
Donna Ivie, Trustee
ML Pearson, Trustee
Elaine Newcomb, Trustee

Billie L.M. Addelman
Traci L. Lacock
Hirst & Applegate, LLP
1720 Carey Avenue, Suite 400
P.O. Box 1083
Cheyenne, WY 82003
(307) 632-0541
(307) 632-4999 (fax)

## PRESENTATION OF CLAIMS

This is a Presentation of Claims against a "governmental entity" under the provisions of the "Wyoming Governmental Claims Act," W.S. §1-39-101, *et seq.* and pursuant to Wyo. Const. Article 16, §7. By filing this Presentation of Claims, the claimants do not concede that it is necessary or required by law.

To the extent that it may be required by law, this letter constitutes a Notice of Claim made and presented under the penalty of false swearing pursuant to Wyoming Statute §1-39-113 and the Wyoming Constitution, Article 16, Section 7. This letter complies with all of the requirements of the Wyoming Governmental Claims Act (WGCA), the signature and verification requirements of Article 16, Section 7 of the Wyoming Constitution, and constitutes a valid notice of claim.

## I.   NAME OF CLAIMANTS AND ATTORNEY:

### A.   CLAIMANTS:

Name:       Steven and Tamera Kirk (husband and wife)

Address:    6508 South 2800 East
            Ogden, UT 84403

### B.   CLAIMANTS' ATTORNEY:

William R. Fix, W.S.B. #5-1908
3270 W. Wilderness Lane
P.O. Box 297
Jackson, WY 83001
(307) 733-5848 Telephone
fixlawoffice@gmail.com


## II.  NAME OF GOVERNMENTAL ENTITY AND PUBLIC EMPLOYEE:

North Lincoln County Hospital District
d/b/a Star Valley Medical Center
901 Adams Street
P.O. Box 579
Afton, WY 83110
(307) 885-5800

Lance Petersen, M.D.
Star Valley Medical Center
901 Adams Street
Afton, WY 83110
(307) 885-5800

## III. TIME, PLACE AND CIRCUMSTANCES OF LOSS OR INJURY INCLUDING THE NAME OF PUBLIC EMPLOYEESINVOLVED:

### A.   Time of occurrence:    July 3, 2015

B.    Place of occurrence:    Star Valley Medical Center, Afton, WY

C.    Circumstances of occurrence:

During the early morning hours of July 3, 2015, Steven Kirk presented to the emergency room at North Lincoln County Hospital District, d/b/a Star Valley Medical Center (hereinafter sometimes referred to as Star Valley Medical Center") with severe testicular pain.

Mr. Kirk was left unattended in the emergency department for extended periods of time.

Lance Petersen, M.D., specifically made the following statement in his record: "I see no evidence for testicular torsion." Dr. Petersen specifically considered this diagnosis and then just as specifically rejected it without doing any diagnostic testing whatsoever.

Dr. Petersen failed to obtain any diagnostic testing of Mr. Kirk's testicles.

Instead, Dr. Petersen advised Mr. Kirk to seek treatment from his physician in Utah, who is located over three (3) hours away by car.

Mr. Kirk was later diagnosed with torsion testicle.

Immediate emergent removal of Mr. Kirk's testicle was required due to the failure of Dr. Petersen to timely and properly diagnose the torsion testicle. Mr. Kirk has subsequently experienced severe difficulties associated with Dr. Petersen's improper diagnosis and treatment. He has been unable to get and to maintain an erection.

The conduct of the emergency room physicians at Star Valley Medical Center fell far below the standard of care.

North Lincoln County Hospital District, d/b/a Star Valley Medical Center, and Lance Petersen, M.D., breached their duty of care to claimants through their negligent acts and omissions. Star Valley Medical Center and Lance Petersen, M.D., breached their duty to provide proper medical care to Mr. Kirk. The wrongful conduct of Star Valley Medical Center and Dr.

Petersen as alleged herein was the proximate cause of claimants' damages as described herein.

The filing of this claim is timely because the incident complained of occurred on July 3, 2015, in Lincoln County, Wyoming.

D.    Names of the employees involved:

Lance Petersen, M.D.
Star Valley Medical Center
901 Adams Street
P.O. Box 579
Afton, WY 83110

The names of the other employees involved are not presently known to claimants, but they may include, but not be limited to, other employees of North Lincoln County Hospital District, d/b/a Star Valley Medical Center.

## IV.   THE AMOUNT OF COMPENSATION OR OTHER RELIEF DEMANDED

The Claimants seek damages to the fullest extent permitted by Wyoming law.  Claimants do not concede that this amount is in any way related to the Wyoming Governmental Claims Act.  The claim at least includes but is not necessarily limited to the amounts set forth in W.S. §1-39-118 and/or the liability insurance coverage available to the governmental entity and/or its employees, whichever amounts are greater.  The claimants seek damages for all damages to which they are entitled, including, but not limited to, past and future loss of earning capacity, past and future medical expenses, past and future pain and suffering, past and future mental anguish and mental distress, and past and future loss of enjoyment of life.

Tamera Kirk is the wife of Mr. Kirk.  She has suffered a loss of spousal consortium due to the injuries to her husband, as he is unable to perform his marital duties.

Mr. Kirk's injuries were caused by the negligent conduct of Dr. Petersen. The duty of care owed to Mr. Kirk was breached through Dr. Petersen's

negligent acts and omissions, including, but not limited to, the following:

a.  Negligently failing to perform any diagnostic studies of Mr. Kirk's testicle;

b.  Negligently failing to monitor Mr. Kirk's condition;

c.  Negligently failing to maintain a safe environment for patient treatment;

d.  Negligently failing to fully and properly examine, diagnose, evaluate and treat, or in the alternative, to properly refer and secure qualified and competent medical specialists to examine, diagnose, evaluate and treat Mr. Kirk;

e.  Negligently failing to monitor and assess the condition of Mr. Kirk;

f.  Negligently failing to properly evaluate and diagnose the condition of Mr. Kirk, and negligently failing to take appropriate steps based thereon;

g.  Negligently failing to comply with the standard of care requisite in the industry for emergency room physicians; and

h.  Negligently failing to exercise reasonable care under the circumstances.

Because Dr. Petersen was an employee of Star Valley Medical Center, in addition to the above, Star Valley Medical Center is vicariously liable for Dr. Petersen's negligence.

The Wyoming Governmental Claims Act provides that a governmental entity is liable for damages resulting from bodily injury caused by the negligence of public employees while acting within the scope of their duties in the operation of any public hospital, and by the negligence of health care providers who are employees of the governmental entity, including contract physicians, nurses and physician assistants who are providing a service for state institutions, while acting within the scope of their duties. Wyo. Stat. Ann. §§1-39-109 to 110. To the extent the WGCA is found to apply to Claimants' claims, North Lincoln County Hospital District, d/b/a Star Valley

Medical Center and Lance Petersen, M.D., are liable under Wyo. Stat. Ann. §§1- 39-109 & 110.


2.     These claims are correct, reasonable and just, and no amounts have been paid to the Claimants by North Lincoln County Hospital District, d/b/a Star Valley Medical Center, or Dr. Lance Petersen.

Claimants seek compensation as follows:

| | |
|---|---|
| Past and Medical Expenses | $60,000.00 |
| Past and Future Loss of Household Services | $200,000.00 |
| Past and Future Pain and Suffering | $500,000.00 |
| Past and Future Mental Anguish | $500,000.00 |
| Disability and/or Disfigurement | $250,000.00 |
| Loss of Enjoyment of Life | $500,000.00 |
| Loss of Consortium | $500,000.00 |
| | |
| TOTAL: | $2,510,000.00 |


This Presentation of Claims is being made pursuant to Wyo. Const. Article 16, §7, and W.S. §1-39-101, *et seq.*

This *Presentation of Claims* is hereby certified, attested, and sworn to by the undersigned, Steven Ben Kirk, UNDER PENALTY OF PERJURY this ___*19*___ day of January, 2016, pursuant to Wyo. Const. Article 16, §7, and W.S. §1-39-101, *et seq.*

_____
Steven Ben Kirk,
Claimant


STATE OF UTAH          )
                                       )     SS.
COUNTY OF__*Weber*__)

On this _____ day of January, 2016, Steven Kirk personally appeared before me, and attested, sworn, and certified that the foregoing Presentation of Claims is true, correct, and accurate, UNDER PENALTY OF PERJURY.

Witness my hand and official seal.

KRISTEN AESCHLIMANN
Notary Public • State of Utah
Commission # 669687
My Commission Expires
October 3, 2017

_____
Notary Public

My Commission Expires: _____

This Presentation of Claims is hereby certified, attested, and sworn to by the undersigned, Tamera Kirk, UNDER PENALTY OF PERJURY this _____ day of January, 2016, pursuant to Wyo. Const. Article 16, §7, and W.S. §1-39-101, *et seq.*

_____
Tamera Kirk,
Claimant

STATE OF UTAH,                    )
                                  )    SS.
COUNTY OF _____            )

On this _____ day of January, 2016, Tamera Kirk personally appeared before me, and attested, sworn, and certified that the foregoing Presentation of Claims is true, correct, and accurate, UNDER PENALTY OF PERJURY.

Witness my hand and official seal.

KRISTEN AESCHLIMANN
Notary Public • State of Utah
Commission # 669687
My Commission Expires
October 3, 2017

_____
Notary Public

My Commission Expires: _____

Dated this 20th day of January, 2016.

William R. Fix, W.S.B. #5-1908
3270 W. Wilderness Lane
P.O. Box 297
Jackson, WY 83001
(307) 733-5848
*fixlawoffice@gmail.com*
*Attorney for Claimants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Claims has been sent via facsimile and certified mail return receipt requested, this _____ day of January, 2016, to the following:

Charlie Button
Chief Executive Officer
Star Valley Medical Center
901 Adams Street
Afton, WY 83110
(307) 885-5800
(307) 885-5889 (fax)

Chad Turner
Vice President Finance, Chief Financial Officer
Star Valley Medical Center
901 Adams Street
Afton, WY 83110
(307) 885-5800
(307) 885-5889 (fax)

Mike Hunsaker
Chief Operations Officer
Star Valley Medical Center
901 Adams Street
Afton, WY 83110
(307) 885-5800
(307) 885-5889 (fax)

Amy Johnson, R.N.
NHA Quality & Patient Safety Director;
Nursing Home Administrator;
Q1/Risk Management Director
Star Valley Medical Center
901 Adams Street
Afton, WY 83110

(307) 885-5800
(307) 885-5889 (fax)

Lance Petersen, M.D.
Star Valley Medical Center
901 Adams Street
Afton, WY 83110
(307) 885-5800
(307) 885-5889 (fax)

Board of Trustees, Star Valley Medical Center
Rowan Anderson, Chair
Bob Hunsaker, Vice Chair
Marlowe Scherbel, Trustee
Bob Saunders, Trustee
Donna Ivie, Trustee
ML Pearson, Trustee
Elaine Newcomb, Trustee

Billie L.M. Addelman
Traci L. Lacock
Hirst & Applegate, LLP
1720 Carey Avenue, Suite 400
P.O. Box 1083
Cheyenne, WY 82003
(307) 632-0541
(307) 632-4999 (fax)

William R. Fix

WILLIAM R. FIX
ATTORNEY AT LAW

4 December 2015

Eric Easton, Director
Wyoming Medical Review Panel
P.O. Box 1507
800 Warner Court, Suite 190
Casper, Wyoming 82601

*Facsimile to 307-265-2623,*
*eric.easton@wyo.gov, and*
*U.S. Mail*

> **Re:** **Application for Claim Review;**
> **In the matter of Steven Kirk and Tamera Kirk v.**
> **North Lincoln County Hospital District,**
> **d/b/a Star Valley Medical Center, and**
> **Lance Petersen, M.D.**

Dear Mr. Easton:

Please accept this correspondence as an Application for Claim Review to the Wyoming Medical Review Panel made and presented pursuant to Wyo. Stat. §§ 9-2-1513 through 9-2-1523.

1.     You are hereby notified that the Claimants specified in this Application for Claim Review make and present their claims against the following healthcare providers:

> a.     North Lincoln County Hospital District, d/b/a Star Valley Medical Center, Afton, Wyoming.
>
> b.      Lance Petersen, M.D., North Lincoln County Hospital District d/b/a Star Valley Medical Center, Afton, Wyoming.

You are also hereby notified that the Claimants specified in this Application for Claim Review hereby make and present their claims against

---

3270 W. Wilderness Lane   Post Office Box 297   Jackson, Wyoming 83001
Telephone (307) 733-5848    Facsimile (307) 333-0717
fixlawoffice@gmail.com

Exhibit B

all other Doe physicians, nurses, agents and employees who committed the tortious acts and omissions set forth in this claim.

2.      Review before the Wyoming Medical Review Panel is proper pursuant to Wyo. Stat. §§ 9-2-1518. The acts and omissions of North Lincoln County Hospital District d/b/a Star Valley Medical Center and the employees named above and complained of herein occurred within the State of Wyoming.

3.      These claims are made for and on behalf of:

    a.      Steven Kirk, Claimant, who resides in Ogden, Utah; and

    b.      Tamera Kirk, Claimant, who is the wife of Steven Kirk, who resides in Ogden, Utah.

4.      Attorney for the Claimants is:

William R. Fix, W.S.B. #5-1908
3270 W. Wilderness Lane
P.O. Box 297
Jackson, WY 83001
fixlawoffice@gmail.com
(307) 733-5848 Telephone
(307) 333-0717 Facsimile

5.      This claim is made against the following health care provider(s):

North Lincoln County Hospital District
d/b/a Star Valley Medical Center
901 Adams Street
P.O. Box 579
Afton, WY 83110
(307) 885-5800

Lance Petersen, M.D.
Star Valley Medical Center
901 Adams Street
P.O. Box 579
Afton, WY 83110

Application for Claim Review Before the Wyoming Medical Review Panel
Steven Kirk and Tamera Kirk v. Star Valley Medical Center and Lance Petersen, M.D.
Page 2

The names of the other employees involved are not presently known to claimants, but they may include, but not be limited to, other employees of North Lincoln County Hospital District, d/b/a Star Valley Medical Center.

6.    The following witnesses may have knowledge of relevant facts concerning this claim and may be called to testify before the panel:

      a.    Steven Kirk
           6508 South 2800 East
           Ogden, UT 84403

      b.    Tamera Kirk
           6508 South 2800 East
           Ogden, UT 84403

      c.    Lance Petersen, M.D.
           Star Valley Medical Center
           901 Adams Street
           P.O. Box 579
           Afton, WY 83110
           (307) 885-5800

7.    Pursuant to Wyo. Stat. § 9-2-1519, the time, place, and circumstances of the alleged loss and injury, is as follows:

On July 3, 2015, Steven Kirk presented to the emergency room at Star Valley Medical Center, in Afton, Wyoming, with severe groin and testicular pain.  Mr. Kirk was examined by Lance Petersen, M.D., in the emergency room.  Dr. Petersen is an employee of Star Valley Medical Center, specializing in emergency medicine.

In Dr. Petersen's brief physical examination of Mr. Kirk, he noted "scrotal swelling (Left side hydrocele/cystocele present 6 cm in length 4 cm in diameter...)."

Dr. Petersen also specifically made the following isolated statement in his record "I see no evidence for testicular torsion." Dr. Petersen

Application for Claim Review Before the Wyoming Medical Review Panel
Steven Kirk and Tamera Kirk v. Star Valley Medical Center and Lance Petersen, M.D.
Page 3

misdiagnosed Mr. Kirk's testicular torsion. Dr. Petersen failed to thoroughly assess Mr. Kirk for what in fact was a testicular torsion.

Dr. Petersen incorrectly stated in his record that "I think that anxiety is driving his (Mr. Kirk's) behavior." Dr. Petersen also wrongly suggested that Mr. Kirk was engaging in drug-seeking behavior and advised Mr. Kirk that "we do not prescribe IV narcotics for chronic pain issues here in the emergency room." Dr. Petersen was generally dismissive of Mr. Kirk' real and obvious symptoms of a torsion testicle.

Dr. Petersen failed to obtain an ultrasound of Mr. Kirk's testicles, which is the gold standard procedure in such cases, nor did Dr. Petersen consider any other diagnostic method that was available at the Star Valley Medical Center.

Moreover, Dr. Petersen failed to advise Mr. Kirk that the hospital has a urologist on staff. Dr. Petersen also failed to advise Mr. Kirk that there were urologists practicing in Jackson approximately one (1) hour away from the Star Valley Medical Center.

Instead, Dr. Petersen advised Mr. Kirk to return to Utah to see his physician there. This is a three and one-half (3 ½) hour drive, during which time Mr. Kirk's testicle died because of the lack of blood flow. Surgical removal of the testicle ensued immediately.

Mr. Kirk was left unattended in the emergency department for a considerable length of time, notwithstanding his obvious excruciating and unremitting pain.

After the failure of Dr. Petersen and the staff of the Star Valley Medical Center to provide prompt and necessary medical care, Mr. Kirk was required to drive three and one-half (3 ½) hours to Ogden, Utah, to obtain treatment. Mr. Kirk was led to believe that emergency medical attention was not necessary and that there was time for Mr. Kirk to return home to Utah for medical attention. During this drive of several hours' time, Mr. Kirk was in excruciating and debilitating pain.

As a result of the medical negligence of Dr. Petersen and Star Valley Medical Center, and the failure to accurately and timely diagnose Mr. Kirk's

Application for Claim Review Before the Wyoming Medical Review Panel
Steven Kirk and Tamera Kirk v. Star Valley Medical Center and Lance Petersen, M.D.
Page 4

testicular torsion, and other negligence, Mr. Kirk was required to undergo complete removal of his testicle that same day in Utah.

Mr. Kirk's wife, Tamera Kirk, has sustained damages from a loss of consortium, as her husband is unable to perform his marital duties. By way of example but not limitiation, Mr. Kirk has been unable to have sex with his wife since the occurrence of the malpractice and the surgical removal of his testicle.

The defendants were negligent in the following respects:

a.   Failed to provide appropriate surgical care and treatment;

b.   Failed to exercise reasonable care under all of the circumstances;

c.   Failed to comply with the standard of care required of emergency room physicians;

d.   Failed to obtain an ultrasound, which is the accepted diagnostic testing for suspected torsion of the testicle;

e.   Failed to ensure that Steven Kirk received appropriate and timely medical care and treatment to prevent the loss of his testicle;

f.   Failed to refer Mr. Kirk to a physician specializing in urology for timely medical care and treatment; and

g.   Failed to otherwise meet the standards of care and practice requisite in the field.

8.   This Application for Claim Review is timely brought in that it is filed not more than two (2) years after the discovery of negligence of the hospital and its employees, staff, and nurses, specifically Lance Petersen, M.D.

Application for Claim Review Before the Wyoming Medical Review Panel
Steven Kirk and Tamera Kirk v. Star Valley Medical Center and Lance Petersen, M.D.
Page 5

9.    Pursuant to Wyo. Stat. § 9-2-1518, the running of the statute of limitations is tolled upon receipt by the director of the application for claim review and does not begin to run again until thirty (30) days after the panel's final decision is served upon the claimants.

10.    Pursuant to Wyo. Stat. § 9-2-1519, this Application for Claim Review has been signed by the attorney for the Claimants.

11.    As a result of the acts and omissions described herein, the Claimants sustained all damages allowed by Wyoming law as described herein.

12.    Pursuant to Wyo. Stat. § 1-5-109, the proper venue for the hearing is Lincoln County, Wyoming.

13.    Pursuant to Wyo. Stat. § 9-2-1519(c), the Claimants hereby reserve their right to amend this Application for Claim Review up to fourteen (14) days prior to the hearing date.

14.    Enclosed are the medical release forms, signed by the Claimant, to obtain access to all healthcare provider records and information pertaining to the claim and for the purposes of its consideration of this matter only, waiving any privileges as to the contents of these records.

As a result of the acts and omissions described herein, the Claimants have sustained the following damages for which Lance Petersen, M.D., and North Lincoln County Hospital District, d/b/a Star Valley Medical Center are legally responsible:

| | |
|---|---|
| Past and Future Medical Expenses | $60,000.00 |
| Past and Future Loss of Earning Capacity | $200,000.00 |
| Past and Future Pain and Suffering | $150,000.00 |
| Past and Future Mental Anguish | $80,000.00 |
| Disability and/or Disfigurement | $300,000.00 |
| Loss of Enjoyment of Life | $125,000.00 |
| Loss of Consortium (Tamera Kirk) | $175,000.00 |
| TOTAL: | $1,090,000.00 |

Application for Claim Review Before the Wyoming Medical Review Panel
Steven Kirk and Tamera Kirk v. Star Valley Medical Center and Lance Petersen, M.D.
Page 6

Please do not hesitate to contact me directly should you require any additional information or have any questions or concerns.

Thank you very much for your kind attention to this matter.

Dated this 4th day of December, 2015.

William R. Fix, W.S.B. #5-1908
3270 W. Wilderness Lane
P.O. Box 297
Jackson, WY 83001
(307) 733.5848
fixlawoffice@gmail.com
*Attorney for Claimants*

WRF/tf
Enclosures

Application for Claim Review Before the Wyoming Medical Review Panel
Steven Kirk and Tamera Kirk v. Star Valley Medical Center and Lance Petersen, M.D.
Page 7

**BILLIE LM ADDLEMAN, #6-3690**
**TRACI L. LACOCK, #6-4009**
HIRST APPLEGATE, LLP
1720 Carey Avenue, Suite 400
P. O. Box 1083
Cheyenne, WY  82003
(T) 307-632-0541
Fax 307-632-4999
baddleman@hirstapplegate.com
tlacock@hirstapplegate.com

BEFORE THE MEDICAL REVIEW PANEL

OF THE STATE OF WYOMING

| | | |
|---|---|---|
| IN THE MATTER OF THE CLAIM OF<br>STEVEN KIRK and TAMERA KIRK, | ) | |
|        Claimants, | ) | |
| v. | ) | MRP 15-59 |
| LANCE PETERSEN, M.D. and<br>NORTH LINCOLN HOSPITAL DISTRICT D/B/A<br>STAR VALLEY MEDICAL CENTER, | )<br>)<br>) | |
|        Respondents. | ) | |

## *ANSWER OF LANCE PETERSEN, M.D. AND NORTH LINCOLN HOSPITAL DISTRICT d/b/a STAR VALLEY MEDICAL CENTER*

Respondents Lance Petersen, M.D. and North Lincoln Hospital District d/b/a

Star Valley Medical Center (herein "Respondents" or "Dr. Petersen" or "SVMC") answer

Claimant's claim before the Wyoming Medical Review Panel as follows:

      1.      **Health Care Provider Contact Information.**

      **Lance Petersen, M.D.**
      Star Valley Family Physicians
      Star Valley Medical Center Clinic
      110 Hospital Lane
      Afton, WY  83110

Exhibit C

**North Lincoln Hospital District d/b/a**
**Star Valley Medical Center**
901 Adams
Afton, WY 83110
307-885-5833

Respondents may be contacted through their counsel of record.

      **2.**      **Health Care Provider's Counsel Contact Information.**

**Billie LM Addleman**
**Traci L. Lacock**
Hirst Applegate, LLP
1720 Carey Avenue, Suite 400
P.O. Box 1083
Cheyenne, Wyoming 82003
(307) 632-0541
baddleman@hirstapplegate.com
tlacock@hirstapplegate.com

      **3.**      **Response to Claimant's Factual Assertions.**

(A)    Respondents admit that Steven Kirk presented to the emergency room of SVMC, in Afton, Wyoming, on the morning of July 3, 2015. Mr. Kirk presented with a complaint of testicular pain and swelling. Mr. Kirk requested that his testicle be drained and also asked for an IV of narcotics to assist with the pain.

(B)    Mr. Kirk was examined by Respondent Lance Petersen, M.D.

(C)    Dr. Petersen is an SVMC employee and works as an emergency medicine physician.

(D)    Dr. Petersen took a history from Mr. Kirk and noted that he had a history of testicular issues, including three prior surgeries.

(E)    Upon physical examination, Dr. Petersen noted swelling in the left testicle, but also observed that the testicle was not hot, nor was it red.

(F)     Dr. Petersen ordered a CBC and CRP panel, which both came back normal. Subsequently, Mr. Kirk was observed talking on his phone and laughing, while sitting with his legs crossed. Based on his presentation, physical examination, and lab results, Dr. Petersen ruled out testicular torsion.

(G)     Dr. Petersen also conferred by telephone with Dr. Brooke Dollinger, Mr. Kirk's primary care physician in Utah. Dr. Petersen described Mr. Kirk's presentation, complaints of pain, and the results of his panels. Dr. Dollinger shared that Mr. Kirk had a severe anxiety problem and this was probably the cause of his symptoms. Dr. Dollinger expressed no concern with his release from the emergency room.

(H)     Following the conversation with Dr. Dollinger, Dr. Petersen was advised by Mr. Kirk that he had talked to his urologist in Ogden, Utah, and that his urologist would see him that day.

(I)     Dr. Petersen denies that he was dismissive of Mr. Kirk's complaints and symptoms. Upon discharge, Mr. Kirk was observed by multiple witnesses hopping off the examination table, pulling on his pants, and walking out of the medical center.

(J)     SVMC does not have twenty-four hour ultrasound coverage and did not have ultrasound coverage that day. The nearest facility with ultrasound capabilities was in Jackson, Wyoming, a ninety-minute drive from SVMC. Further, to facilitate an ultrasound, Dr. Petersen would have been required to send Mr. Kirk to the emergency room in Jackson, Wyoming.

(K)     While Star Valley Medical Center does have one urologist with staff privileges, that urologist resides in Jackson, Wyoming, and does not maintain regular office

hours at SVMC.  Instead, that physician will see patients at SVMC scheduled in advance for appointments.  The urologist was not at SVMC on July 3, 2015.

(L)     There was no guarantee that Mr. Kirk would be seen by a urologist in Jackson, Wyoming, on the July 4th holiday weekend.  Further, Mr. Kirk would most likely need to present himself to the emergency department in Jackson, prior to being seen by a urologist.

(M)     Respondents deny that it is a one hour drive from Afton, Wyoming, to Jackson, Wyoming.  It is a ninety minute drive.  Further, Respondents deny that it is a three and-one-half hour drive to Ogden, Utah.  It is a three hour drive.

(N)     Respondents state that while it was uncertain how long it would take Mr. Kirk to have an ultrasound performed in Jackson and it was uncertain whether he would be able to see a urologist in Jackson on a holiday weekend, Mr. Kirk had the opportunity to see his own urologist, familiar with his history and course of treatment, that day, within a three hour drive.

(O)     Respondents deny that Mr. Kirk was left unattended for a considerable long time.  Dr. Petersen visited with Mr. Kirk on at least three different occasions to update him on his panels and his discussion with his primary care physician.

(P)     Mr. Kirk was instructed to return to an emergency room if his condition worsened.

(Q)     Respondents deny that they breached the applicable standard of care.

(R)     Respondents deny that any action on their part caused claimants' alleged damages.

HIRST APPLEGATE, LLP
LAW OFFICES
1720 CAREY AVENUE, SUITE 400
P.O. BOX 1083
CHEYENNE, WYOMING 82003-1083

(S)     Respondents deny each assertion in the claim not specifically admitted.

(T)     Respondents state that they have not received all applicable medical records.  Consequently, they are unable to fully respond to the claimants' allegations.

### 4.     Statement of Additional Relevant Facts.

None at this time.

### 5.     Medical Records and Medical Records Release Form.

Respondents have provided to the Panel all medical records and information pertaining to this claim that are in their custody and control.   Respondents request the production of the Claimant's subsequent treatment and prior medical records, including his urology, primary care physician, and pain management records.

### 6.     Other Supplemental Information.

At this time, Respondents anticipate seeking the production of additional medical records, as stated in ¶5.

### 7.     Venue.

Respondents agree that Lincoln County is the appropriate venue. In light of the numerous fact witnesses located in Afton, Wyoming, Respondents ask that the Medical Review Panel Hearing be held in Afton.

### 8.     Witnesses to Appear Before the Panel.

Respondent may call the following witnesses:

(a)     Lance Petersen, M.D.
(b)     Steven Kirk
(c)     Tamera Kirk

HIRST APPLEGATE, LLP
LAW OFFICES
1720 CAREY AVENUE, SUITE 400
P.O. BOX 1083
CHEYENNE, WYOMING 82003-1083

(d)     Amy Johnson, RN
(e)     Trish Bassett, RN

Respondents reserve the right to call witnesses identified by Claimant.

Respondents may identify experts to offer opinions on the standard of care and causation and will provide those experts' names and qualifications to the Panel and Claimant in accordance with the Panel's scheduling order.

9.      **Amendments.**

Respondents reserve the right to amend their response to the claim.

Date: 25 January 2016.

> LANCE PETERSEN, M.D. and NORTH
> LINCOLN HOSPITAL DISTRICT,
> Respondents
>
> BY: _____
>      BILLIE LM ADDLEMAN, #6-3690
>      TRACI L.LACOCK, #6-4009
>      OF HIRST APPLEGATE, LLP
>      Attorneys for Respondents
>      1720 Carey Avenue, Suite 400
>      P. O. Box 1083
>      Cheyenne, WY 82003-1083
>      (307) 632-0541

### CERTIFICATE OF SERVICE

I certify that the foregoing *Answer of Lance Petersen, M.D. and North Lincoln Hospital District d/b/a Star Valley Medical Center* was served upon all parties to this action pursuant to the Wyoming Rules of Civil procedure on 25 January 2016, and that copies were served as follows:

Eric Easton
Office of the Attorney General
800 Werner Court, Suite 190
PO Box 1507
Casper, WY 82602
*Director, Medical Review Panel*
*eric.easton@wyo.gov*

☑ U.S. MAIL
☐ FED EX
☐ FAX
☐ HAND DELIVERED
☑ EMAIL
☐ E-FILE

William R. Fix
P.O. Box 297
3270 W. Wilderness Lane
Jackson, WY 83001
*Attorney for Claimants*
*fixlawoffice@gmail.com*

☑ U.S. MAIL
☐ FED EX
☐ FAX
☐ HAND DELIVERED
☑ EMAIL
☐ E-FILE

OF HIRST APPLEGATE, LLP
Attorneys for Respondents